NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILFREDO J. ORTIZ, et ux., : | |
| : | |
| Plaintiffs, : | **OPINION** |
| : | |
| v. : | Civ. No. 08-4509 (WHW) |
| : | |
| THOMAS F. ADAMS, et.al, : | |
| : | |
| Defendants. : | |

**Walls, Senior District Judge**

     Plaintiff Wilfredo Oritz claims that he suffered injuries as a result of a traffic accident caused by the negligence of defendant Thomas F. Adams who was driving a vehicle owned by co-defendant Ruan Transport (Ruan). Adams and Ruan, now third-party plaintiffs, impleaded J and B Restaurant Associates (J and B) to indemnify them for negligently serving alcohol, pursuant to the Dram Shop Act, to Mr. Ortiz who they believe was visibly intoxicated at the time. J and B, the third-party defendant, contests that Mr. Ortiz was visibly intoxicated when he was served. J and B now moves for summary judgment on this issue. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, this motion is decided without oral argument. Summary judgment is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

     On the night of November 1, 2006, Mr. Ortiz attended a Democratic Party function at the Stony Hill Inn (Stony Hill), a venue owned by J and B, at which he arrived approximately at 9:15 pm and left around 11:30 pm. Mot. for Summ. J. 2. Mr. Ortiz testified that he had two glasses of

NOT FOR PUBLICATION

wine during the function and "another one or two glasses of wine" at the bar before leaving around 11:30 pm. Id. Mr. Ortiz stated that he went to bar after the function ended at 10:45 pm where he was served by a J and B employee. Id. He was accompanied at the bar by his friend Matthew McCarter for about 20 to 30 minutes until the two men left and walked to the valet parking area of the venue. Id. J and B maintains that Mr. McCarter reported that Mr. Ortiz consumed one drink at the bar and that Mr. Ortiz did not exhibit any signs of intoxication while they were at the bar. Id.

Third-party plaintiffs Mr. Adams and Ruan offer a different account of the events of that night. They assert that Mr. Ortiz was visibly intoxicated when he was served at Stony Hill which they believe was evident by Mr. McCarter's statement that he smelled alcohol on Mr. Ortiz's breath. See Opp'n to Mot. 19. They also point to the expert testimony of toxicologist Dr. Richard Saferstein. According to Dr. Richard Saferstein's original report, by 11:05 pm Mr. Ortiz's blood alcohol content would be 0.10 percent, a level at which a person would demonstrate signs of visible intoxication. See Opp'n to Mot. 20; Reply to Mot. 9.

J and B notes that Stony Hill's last cash bar receipt for the evening was clocked in at 10:48 pm, a few minutes after Mr. Ortiz went to the bar and seventeen minutes before Dr. Saferstein opined that Mr. Ortiz would have been visibly intoxicated. Mot. for Summ. J. 15. In response to this evidence, Mr. Adams and Ruan submitted a supplemental report by Dr. Saferstein. Reply to Mot. 9. Dr. Saferstein's supplemental report, dated April 20, 2012, reaffirmed his finding that Mr. Oritz was visibly intoxicated when served at Stony Hill's bar. Sur Reply to Mot. 2. The new report stated that even if Mr. Ortiz's last bar purchase was at 10:48 pm he would have still been visibly intoxicated at that time. Id.

NOT FOR PUBLICATION

      Mr. Adams and Ruan argue that J and B's negligent failure to detect Mr. Ortiz's intoxication violated the Dram Shop Act. J and B moved for summary judgment on May 7, 2012, on the basis that Mr. Ortiz was not visibly intoxicated when he was served at Stony Hill.

## STANDARD OF REVIEW

      Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A disputed fact is material where it would affect the outcome of the suit under the relevant substantive law. Scott v. Harris, 550 U.S. 372, 380 (2007). A dispute as to a material fact is genuine where a rational trier of fact could return a verdict for the non-movant. Id. The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact for trial. Beard v. Banks, 548 U.S. 521, 529 (2006). Once the movant has carried this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" in question. Scott, 550 U.S. at 380 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

      Each party must support its position by "citing to particular parts of materials in the record … or showing that the materials cited do not support the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). At this stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter." Anderson, 477 U.S. at 249. Where there is a genuine dispute as to a material fact, the court must view that fact in the light most favorable to the non-movant. Scott, 550 U.S. at 380. When one party's story is "blatantly contradicted by the record, so that no

Case 2:08-cv-04509-WHW-CLW   Document 71   Filed 07/23/12   Page 4 of 6 PageID: 958
NOT FOR PUBLICATION

reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Id. at 380.

## DISCUSSION

**I. Summary judgment is denied due to an existing genuine and material factual dispute**

Third-party plaintiffs Mr. Adams and Ruan seek indemnity from third party defendants J and B under the Dram Shop Act. See Opp'n to Mot. The Dram Shop Act permits "a person who sustains personal injury or property damage as a result of the negligent service of alcoholic beverages by a licensed alcoholic beverage server [to] recover damages." N.J. Stat. Ann. § 2A:22A-5 (West 2012). A person can recover under the Dram Shop Act if: (1) "[t]he server is deemed negligent pursuant to subsection b. of this section; and (2) [t]he injury or damage was proximately caused by the negligent service of alcoholic beverages; and (3) [t]he injury or damage was a foreseeable consequence of the negligent service of alcoholic beverages." Id. Under subsection b a "licensed alcoholic beverage server shall be deemed to have been negligent only when the server served a visibly intoxicated person." Id. Visibly intoxicated is defined as "a state of intoxication accompanied by a perceptible act or series of acts which present clear signs of intoxication." N.J. Stat. Ann. § 2A:22A-3 (West 2012). To establish a claim under the Dram Shop Act there must be sufficient evidence that a jury could find that a server negligently provided alcohol to a visibly intoxicated individual. See Del Mauro v. Leggett's Sand Bar, A-3889-10T2, 2012 WL 1414118, at * 2 (N.J. Super. Ct. App. Div. Apr. 25, 2012).

Mr. Ortiz testified that he went to the bar at 10:45 pm. Mot. for Summ. J. 2. Mr. Adams and Ruan argue that Mr. Ortiz was visibly intoxicated when he was served alcohol by J and B and that Mr. McCarter's testimony supports this contention. Opp'n to Mot. 19. Their interpretation of the record is that Mr. McCarter smelled alcohol on Mr. Ortiz's breath. Id. Mr.

NOT FOR PUBLICATION

Adams and Ruan also point to the report of Dr. Richard Saferstein for support that Mr. Ortiz was visibly intoxicated. See Decl. of Richard Saferstein. In Dr. Saferstein's first report he opined that if Mr. Ortiz began drinking after his arrival at 9:15 pm he would have had a blood alcohol level of .10 percent and would have shown signs of visible intoxication by 11:05 pm. Id. If this was the case a bartender would have had reasonable notice of Mr. Ortiz's condition. Id. In response to J and B's claim that the last bar receipt that could have applied to Mr. Ortiz was for 10:48 pm, seventeen minutes before 11:05 pm, Dr. Saferstein offered a supplemental report stating that Mr. Ortiz was visibly intoxicated when served. Id. In his supplemental report, Dr. Saferstein opined that even if the last drink Mr. Ortiz could have purchased was at 10:48 pm, he still would have been visibly intoxicated by 10:40 pm. Supplemental Report of Richard Saferstein 4.

J and B asserts that Dr. Saferstein's supplemental report should be excluded as a net opinion or alternatively excluded because it was submitted outside of the time frame to file reports set by the magistrate judge. Reply to Mot. 13. Under New Jersey law an "expert's bare conclusions, unsupported by factual evidence" are inadmissible as a net opinion. Buckelew v. Grossbard, 87 N.J. 512, 518, 435 A.2d 1150, 1153 (1981). Courts assess the admissibility of expert testimony in a variety of ways. Admissibility is generally governed by Rule 702 of the Federal Rules of Evidence and the factors enumerated in United States Supreme Court's decision in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Other courts consider net opinion challenges solely under the Daubert analysis and some courts treat net opinion arguments separately and focus on whether the opinion will help the trier of fact. See Tentoni v. Jeffers, 08-1976 WHW, 2011 WL 113797, at *3 (D.N.J. Jan. 13, 2011). Even if the Court were just to accept Dr. Saferstein's first report, there still is a dispute of material fact as to whether Mr. Ortiz was visibly intoxicated when served at the Stony Hill bar.

NOT FOR PUBLICATION

Regardless of the admissibility of Dr. Saferstein's supplemental report, the dispute over Mr. McCarter's testimony also provides a basis to deny summary judgment.

J and B refutes that there is any evidence indicating that Mr. Ortiz was visibly intoxicated before the accident. Mot. for Summ. J. 12. It bases its argument on the fact that Mr. McCarter and Mr. Oritz both testified that they met in the bar and were in the company of each other for 20 to 30 minutes before leaving and that during that time Mr. McCarter observed Mr. Ortiz consume one drink at the bar and during that time Mr. Ortiz did not display any signs of intoxication at the bar or when they walked to the valet area of the inn. Id. Mr. Adams and Ruan, however, argue that Mr. McCarter's testimony that he smelled alcohol on Mr. Ortiz's breath is evidence that Mr. Ortiz was visibly intoxicated. Opp'n to Mot. 19.

The issue of Mr. Ortiz's visible intoxication is a genuine dispute of a material fact. See Fed. R. Civ. P. 56(a). A rational trier of fact could find for the non-movants, Mr. Adams and Ruan, or for J and B. See Scott, 550 U.S. at 380. This issue is material because the resolution of this dispute will affect the outcome of this suit. Id. If Mr. Ortiz was not visibly intoxicated, J and B would not be liable under the Dram Shop Act. See Del Mauro, 2012 WL 1414118. J and B has failed to show that there is no genuine dispute of that material fact. It is not entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a).

## CONCLUSION

J and B's motion for summary judgment is denied.

s/ William H. Walls
United States Senior District Judge